UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  07-21940-CIV-MORENO**

In the Matter of the Arbitration Between

AMERICATEL EL SALVADOR, S.A. DE C.V.,
a Salvadorian corporation,

      Petitioner,

vs.

COMPANIA DE TELECOMUNICACIONES DE
EL SALVADOR, S.A. DE C.V., A Salvadorian
corporation,

      Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO VACATE

THIS CAUSE came before the Court upon Respondent's Motion to Vacate Order Confirming

Arbitral Award and Judgment Thereon; To Dismiss Petition; and to Quash Plaintiff's Insufficient

Service, and Incorporated Memorandum of Law **(D.E. No. 3)**, filed on **August 24, 2007**.

THE COURT has considered the motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part and DENIED in part because the service

of process on Respondent was insufficient.

## BACKGROUND

Americatel El Salvador, S.A. De C.V. ("Americatel") filed a Petition for Confirmation of

Foreign Arbitral Award **(D.E. No. 1)** on **July 27, 2007** (the "Petition").

Americatel served the Petition on Compañía De Telecomunicaciones De El Salvador ("CTE") by sending Federal Express packages (the "FedEx Packages") to Angel Castillo, Jr. (CTE's Miami counsel), Salvador Enrique Anaya (CTE's outside counsel in El Salvador), and Rosa Maria Machon Orellana (CTE's in house counsel).  The FedEx Packages did not contain a summons.

CTE did not respond to the Petition.

This Court entered the Order Confirming Foreign Arbitral Award and Entry of Judgment Thereon **(D.E. No. 2)** on **August 21, 2007** (the "Arbitration Confirmation Order").

CTE filed a Motion to Set Aside the Judgment **(D.E. No. 3)** on **August 24, 2007**.  The Motion to Set Aside Judgment asked this Court to vacate the Arbitration Confirmation Order and quash the Petition for Confirmation of Arbitration Award because of (a) insufficient service of process to CTE, (b) lack of personal jurisdiction over CTE, (c) and conflict with parallel proceedings in El Salvador.

## SERVICE OF PROCESS

**I.      Applicable Law**

The Federal Arbitration Act at 9 U.S.C. § 9 governs the service of a petition to confirm an arbitration award.  9 U.S.C. § 9, however, provides no guidance about how to serve an extraterritorial respondent.  *See* In the Matter of Arbitration between Marine Trading Limited v. Naviera Comercial Naylamp S.A., 879 F.Supp. 389, 391-392 (S.D.N.Y. 1995).  The Inter-American Convention on International Commercial Arbitration at 9 U.S.C. §§ 301 *et seq.* also provides no guidance about service on an extraterritorial respondent.

The Southern District of New York held that in the absence of explicit guidance under the

Federal Arbitration Act and the Inter-American Convention that Federal Rule of Civil Procedure 4 ("Rule 4") shall provide "reasonable guidance" about how to serve a petition for confirmation of an arbitration award on an extraterritorial respondent. *Id*. at 392. Rule 4 governs service of a complaint and summons upon the initiation of a lawsuit.

This Court agrees with the Marine Trading Limited decision. The absence of explicit guidance about service of a petition to confirm an arbitration award on an extraterritorial defendant leads this Court to Rule 4. Rule 4 therefore sets the standard for this Court's evaluation of Americatel's service of process on CTE.

This holding accords with two district court decisions concerning service of a petition to vacate an arbitration award. The first, In the Matter of the Arbitration Between Intercarbon Bermuda, Ltd. v. Caltex Trading and Transport Corp., 146 F.R.D. 64 (S.D.N.Y. 1993), held that a petition to vacate an arbitration award must be served according to Rule 4. The second, Canada Life Assurance Company v. Converium Ruckversicherung (Deutschland) AG, 2007 U.S. Dist. LEXIS 42890 (D.N.J. 2007), held the same.

## II.    Sufficiency of Americatel's Service of Process on CTE

Americatel contends that its service of the Petition conforms with Federal Rule of Civil Procedure Rule 4(f)(2)(A). Rule 4(f)(2)(A) permits service upon an extraterritorial party if effected "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." Americatel sent one of the FedEx packages to Salvador Enrique Anaya. Mr. Anaya is outside counsel to CTE in El Salvador. CTE executed a power of attorney on **April 18, 2006** which (according to Americatel's English translation) states that Mr. Anaya is "hereby granted the general and special powers of attorney set forth in

Article 113 of the [Salvadoran] Code of Civil Procedure" (the "Power of Attorney").  Americatel contends that the Power of Attorney in conjunction with Article 113 of the Salvadoran Code of Civil Procedure provides Mr. Anaya authority to receive service of process for CTE.

CTE disagrees.  First, CTE objects that the FedEx Package did not contain a summons.  Second, CTE contends that Federal Express is not an authorized method of service under Salvadoran law.  Third, CTE asserts that Mr. Anaya is not authorized under Salvadoran law to receive service of process.[1]  Fourth, CTE objects that the complaint was provided to CTE's counsel in English.

This Court holds that the FedEx Package to Mr. Anaya did not conform with Rule 4 because it did not contain a summons.

This Court is also unconvinced by Americatel's argument that service by Federal Express to Mr. Anaya conformed with Salvadoran law (as authorized under Rule 4(f)(2)(A)).

## CONCLUSION

The Order Confirming Foreign Arbitral Award and Entry of Judgment Thereon **(D.E. No. 2)** issued on **August 21, 2007** is vacated because Americatel's service of process on CTE was insufficient.

The Petition for Confirmation of Foreign Arbitral Award **(D.E. No. 1)** filed on **July 27, 2007** is reinstated.  This Court will take the Petition along with any responsive brief filed by CTE into consideration thirty days after Americatel serves CTE according to Rule 4 and verifies the same on the docket by filing the return of service.

---

[1]CTE contends that Salvadoran law requires that Americatel first attempt to serve the person named on a public registry in El Salvador.  CTE contends that Mr. Anaya is not named on that registry as authorized to receive service for CTE.

This Order does not dispose of the personal jurisdiction or comity issues raised by CTE in

its briefs.  CTE may assert those arguments in opposition to the Petition.


DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of September, 2007.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:
Counsel of Record