UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 07-21940-CIV-MORENO**

In the Matter of the Arbitration Between

AMERICATEL EL SALVADOR, S.A. DE C.V.,
a Salvadoran corporation,

    Petitioner

vs.

COMPANIA DE TELECOMUNICACIONES DE
EL SALVADOR, S.A. DE C.V., a Salvadoran
corporation,

    Respondent.
_____/



## ORDER CONFIRMING FOREIGN ARBITRAL AWARD AND ENTRY OF JUDGMENT THEREON

THIS CAUSE came before the Court upon Americatel El Salvador, S.A. De C.V.'s Petition for Confirmation and Enforcement of Foreign Arbitral Award **(D.E. No. 1)**, filed on **July 27, 2007**.

THE COURT has considered the motion, response, reply, sur-reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. This Court has personal jurisdiction over Respondent Compañía de Telecommunicaciones de El Salvador, S.A. de C.V. ("CTE"). Americatel El Salvador, S.A. de C.V. ("Americatel") properly served CTE. The appeal filed by CTE in the Salvadoran Supreme Court does not prevent this Court from confirming the arbitration award. This Court has therefore decided to confirm Americatel's arbitration award.

## I.  BACKGROUND

Both Americatel and CTE are telecommunications companies organized under Salvadoran law.  Americatel and CTE arbitrated a dispute.  The dispute arose because CTE did not provide E-1 telecommunication ports ("E-1 Ports") to Americatel as required in a contract.  The arbitration took place during four days.  The hearing took place in El Salvador except for one half day session that took place in Miami, Florida.  The arbitration issued a judgment on May 22, 2007 and a clarification of the judgment on July 5, 2007.  The judgment required *inter alia* that (a) CTE pay Americatel $9,427,678 in damages and that (b) CTE provide Americatel access to 21 E-1 Ports.

Americatel filed the Petition for Confirmation and Enforcement of Foreign Arbitral Award (the "Petition") with this Court on July 27, 2007.  Americatel sent a copy of the Petition via Federal Express on the same day to CTE's in-house general counsel, CTE's El Salvador outside counsel, and CTE's Miami counsel.  CTE did not respond to the Petition.  This Court entered an Order Confirming Foreign Arbitral Award **(D.E. No. 2)** on August 21, 2007.

CTE filed a Motion to Vacate the Order Confirming the Arbitration Award **(D.E. No. 3)** on August 24, 2007.  The motion argued that (a) this Court does not have personal jurisdiction over CTE, (b) that the service of process of the Petition for Confirmation was inadequate, and (c) that this Court should dismiss the Order Confirming the Arbitration in light of CTE's appeal of the arbitration award in Salvadoran Court.  This Court granted CTE's Motion to Vacate **(D.E. No. 19)** on September 19, 2007.  That Order held that the service of process on CTE was insufficient.  The Order did not decide CTE's personal jurisdiction or comity arguments.  The Order reinstated Americatel's Petition for Confirmation of Foreign Arbitration Award.

Americatel filed a Motion for Court-Directed Alternative Service of Process **(D.E. No. 25)** on December 5, 2007.  The motion asked this Court to approve alternative methods of service of

process for the Petition under Rule 4(f)(3).  This Court granted the motion on December 19, 2007 **(D.E. No. 30)**.  The Order authorized service of process by hand delivery of the summons and Petition to (a) CTE's president, general manager or authorized executive at CTE's headquarters in El Salvador, (b) CTE's general counsel in El Salvador, (c) CTE's outside counsel in El Salvador, or (d) CTE's United States counsel located in Miami.  Americatel complied with all four alternative methods of service **(D.E. Nos. 32, 34)**.

CTE filed a response to the Petition for Confirmation asserting that (a) this Court does not have personal jurisdiction over CTE, (b) service of process was inadequate, and (c) that this Court should defer to an ongoing appeal of the arbitration award in the Salvadoran Supreme Court.  This Order analyzes those arguments in turn.

## II.  PERSONAL JURISDICTION

Americatel must establish that CTE has sufficient contacts with the United States to support general jurisdiction.  The United States, not Florida, is the appropriate forum for measuring CTE's contacts.  *United States Securities and Exchange Commission v. Carillo*, 115 F.3d 1540, 1543 (11th Cir. 1997).

Americatel asserts that CTE has the following contacts with the United States:

| Contact | Evidence |
| --- | --- |
| 1. CTE provides international telephone service between the United States and El Salvador. | Americatel's Exhibit 1.  Public Notice from the FCC. |

| | |
|---|---|
| 2. CTE has entered into telecommunication service contracts (the "interconnection agreements") with United States companies including AT&T Corporation, AT&T Mobility II, LLC f/k/a Cingular Wireless Corporation; MCI Communications Services, Inc.; IDT Corporation; and Sprint Communications Company L.P. | Americatel's Exhibit 2 at ¶ 4. Declaration of Thomas A. Gordon, CEO of Americatel Centroamerica (the holding company owning Americatel).<br><br>Americatel's Exhibit 3. Subpoenas served by Americatel on AT&T, IDT Corp., and Verizon in a separate lawsuit asking for production of interconnection agreements between those companies and CTE.<br><br>Americatel's Exhibit 4. Letters from counsel of AT&T, IDT Corp., and Verizon[1] accompanying the interconnection agreements.[2] |
| 3. The interconnection agreements with the companies listed above resulted in the following number of exchanged minutes:<br>2003<br>AT&T: 124,506,900 minutes exchanged with CTE<br>MCI: 97,174,638 minutes<br>Sprint: 113,967,654 minutes<br>IDT Corp.: 51,029,353 minutes<br>2004<br>AT&T: 295,650,0329 minutes<br>MCI: 58,555,576 minutes<br>Sprint: 100,717,435 minutes<br>IDT Corp.: 158,339,832 minutes<br>2005<br>AT&T: 290,639,021 minutes<br>MCI: 64,453,337 minutes<br>Sprint: 77,741,631 minutes<br>IDT Corp.: 293,694,221 minutes | Americatel's Exhibit 2 at ¶ 5. Declaration of Thomas A. Gordon, CEO of Americatel Centroamerica (the holding company owning Americatel). |

---

[1] MCI Communications Services, Inc. is a subsidiary of Verizon.

[2] Americatel states that it cannot produce the interconnection agreements in this lawsuit because the interconnection agreements were produced pursuant to a protective order in the other lawsuit. CTE, however, did not dispute the existence of the interconnection agreements in its sur-reply **(D.E. No. 50)**.

| | |
|---|---|
| 4. The telephone traffic between El Salvador and the United States carried by CTE results in millions of dollars of revenue for CTE. | Americatel's <u>Exhibit 3</u>.  Discussed above.<br><br>Americatel's <u>Exhibit 4</u>.  Discussed above.<br><br>Americatel's <u>Exhibit 6</u>.  A filing by CTE with the General Superintendence of Electricity and Telecommunications of El Salvador that lists CTE's rates for calls to the United States. |
| 5. Lawsuit complaint filed by CTE against Fusion Telecommunications (a Delaware corporation) in the Southern District of Florida.  The lawsuit concerns breach of a contract between the two companies which required that certain services were to be undertaken in the United States and that Fusion should direct payment into accounts at CitiBank in New York. | Americatel's <u>Exhibit 7</u>.  The Complaint filed in the Southern District of Florida dated September 27, 2002. |
| 6. Lawsuit complaint filed by CTE against Orion Telecommunications (a Delaware corporation) over a contract entered into by the two companies. | Americatel's <u>Exhibit 8</u>.  The Complaint filed in the Southern District of Florida dated April 9, 2004. |

This Court rules that these contacts are sufficient to support general jurisdiction over CTE. CTE is engaged in the continuous business of providing carrier services for telephone calls between the United States and El Salvador.  CTE provides by analogy the commodity of telephone minutes to American customers in a substantial volume.  CTE has entered into contracts with American companies to effectuate that service.  These contracts provide for continuous and ongoing business with the American companies and services provided to American citizens.  The two lawsuits for breach of contract filed by CTE in the Southern District of Florida demonstrate that CTE has availed itself of the protection of American contract law.  *See, generally, Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264 (11th Cir. 2002).

This Court further holds that exercising general jurisdiction over CTE does not offend traditional notions of fair play and substantial justice.  *See Asahi Metal Industry Co. v. Superior*

*Court*, 480 U.S. 102, 116 (1987). Such cases are rare. *Id.* This case presents a minimal burden on CTE because CTE is familiar with this litigation forum and this case concerns only the issue about whether or not this Court should confirm Americatel's arbitration award. This forum has an interest in resolving this dispute because this dispute involves American citizens' ability to make international telephone calls to El Salvador. Americatel has a strong interest in proceeding in this forum because Americatel seeks satisfaction of its arbitration award by accessing CTE's assets in the United States.

### III.  SERVICE OF PROCESS

This Court held in its Order Granting in Part and Denying in Part Defendant's Motion to Vacate that Federal Rule of Civil Procedure 4 governs Americatel's service of process on CTE **(D.E. No. 19)**. This Court later authorized four alternative means by which Americatel could serve CTE in conformity with Rule 4(f)(5) **(D.E. No. 30)**. Rule 4(f)(5) provides that a plaintiff may serve an extraterritorial defendant "by other means not prohibited by international agreement as may be directed by the court." Americatel served CTE (in conformity with this Court's order) by hand delivering the Petition and summons (in English and Spanish) to CTE's authorized executive in El Salvador, CTE's in-house general counsel in El Salvador, CTE's outside counsel in El Salvador, and CTE's United States' counsel in Miami **(D.E. Nos. 32, 34)**.

CTE contends that "there is no indication that such method[s] would be permitted under El Salvador law." CTE does not claim that the methods of service violated an international agreement. Americatel contends that the methods of service authorized by this Court do not violate any international agreements. This Court therefore holds that the service of process effected by Americatel on CTE conformed with the requirements of Rule 4. This Court also notes that CTE cannot claim ignorance of these proceedings because CTE sought the vacatur of an earlier order in this lawsuit confirming the arbitration award and participated in a hearing.

## IV.   COMITY

CTE filed a petition in Salvadoran court asking the Salvadoran court to nullify the arbitration award.  The Salvadoran court ruled in favor of Americatel.  CTE appealed to the Supreme Court of El Salvador.  That appeal is still pending.  CTE cites both (a) the Inter-American Convention at Articles five and six and (b) principles of international comity as grounds for this Court to deny Americatel's Petition or wait until the resolution of the Salvadoran Supreme Court appeal before issuing a decision.

This Court disagrees with CTE.  First, the Inter-American Convention makes clear that the decision to delay confirming the arbitration award is discretionary.  *See* Inter-American Convention, Art. 6.  Second, principles of international comity do not require this Court to deny the Petition because of the Salvadoran Supreme Court proceedings.  *See Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317-18 (2d Cir. 1998) (enumerates factors for the district court to consider when deciding whether to postpone proceedings in favor of parallel proceedings in a foreign court); *Chromally Aeroservices v. The Arab Republic of Egypt*, 939 F. Supp. 907 (D. D.C. 1996) (enforcing arbitral award even though arbitral award was vacated by an Egyptian court because of the parties' agreement that they would not appeal the arbitral award).

Americatel and CTE agreed to binding arbitration.  The arbitration resulted in an arbitration judgment in favor of Americatel.  CTE pursued several post-arbitration administrative and court appeals in El Salvador.  CTE lost each one.  This Court believes that the arbitration award should be final.  This Court therefore confirms the Petition notwithstanding the proceedings in the Salvadoran Supreme Court.

## V.   CONCLUSION

This Court has general jurisdiction over CTE.  Americatel served CTE in conformity with Federal Rule of Civil Procedure 4.  The proceedings in the Salvadoran Supreme Court do not prevent this Court from confirming the arbitration award.  Therefore, it is **ADJUDGED:**

The Arbitral Award issued on **May 22, 2007** (the "Arbitral Award") and the Clarification of the Arbitral Award issued on **July 5, 2007** (the "Clarification") are confirmed pursuant to 9 U.S.C. §§ 207 and 302 of the U.S. Arbitration Act and the Inter-American Convention.  Accordingly, it is **ORDERED:**

1. Judgment is entered in favor of Americatel and against CTE.
2. CTE shall enable twenty-one (21) E-1 telecommunication ports for use by Americatel within the time specified by the Arbitration Award.
3. CTE shall pay Americatel US $9,427,678 in damages for CTE's breach of the Parties' Interconnection Agreement with interest set at 12% per year to be calculated starting on July 1, 2006.
4. Both parties shall in all respects abide by the Arbitral Award and the Clarification.
5. All pending motions are denied as moot.
6. This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record